Christina N. Goodrich (SBN 261722)
christina.goodrich@klgates.com
Zachary T. Timm (SBN 316564)
zach.timm@klgates.com
K&L GATES LLP
10100 Santa Monica Boulevard
Eighth Floor
Los Angeles, CA 90067
Telephone: +1 310 552 5000
Facsimile: +1 310 552 5001

Jas Dhillon (SBN 252842)
jas.dhillon@klgates.com
K&L GATES LLP
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: +1 415 882 8200
Facsimile: +1 415 882 8220

*Attorneys for Defendant Tangible Play, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

HAWKvision eMMERSION COMPUTING LLC,

Plaintiff,

v.

Tangible Play, Inc.,

Defendant.

Case No.: 5:23-cv-04070

**DEFENDANT TANGIBLE PLAY, INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

**DEMAND FOR JURY TRIAL**

# DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Tangible Play, Inc. ("Tangible") hereby submits the following Answer and Affirmative Defenses to the Complaint filed by Plaintiff HAWKvision eMMERSION COMPUTING LLC ("Plaintiff" or "HAWKvision"). The paragraph numbers of Tangible's responses set forth below correspond to the paragraph numbering of the Complaint. The section headings are also reproduced accordingly, but any allegations of such headings are denied unless specifically admitted. Pursuant to Rule 8(b)(3) of the Federal Rules of Civil Procedure, unless expressly admitted herein, Tangible denies each and every allegation of Plaintiff's Complaint (the "Complaint"):

## Introduction

1. Paragraph 1 constitutes a legal conclusion or argument and does not require a response. To the extent a response is required, denied.

## Plaintiff and the Asserted Patent

2. Tangible lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 2 of the Complaint, and therefore denies the same. To the extent a further response is required, denied.

3. Tangible lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations set forth in Paragraph 3 of the Complaint, and therefore denies the same. To the extent a further response is required, denied.

## Defendant and the Accused Product

4. Admit.

5. Tangible admits that Osmo can be used with a base, reflector, game pieces, and other accessories. Paragraph 5 of the Complaint constitutes a legal conclusion or argument and does not require a response. To the extent a further response is required, denied.

6. Tangible admits that its product line includes applications for Osmo Newton, Osmo Masterpiece, Osmo Monster, Super Studio Disney Frozen 2, Super

Studio Disney Princess, Super Studio Mickey & Friends, and Super Studio Incredibles 2. To the extent a further response is required, denied.

**Jurisdiction and Venue**

7. Paragraph 7 of the Complaint constitutes a legal conclusion or argument and does not require a response. To the extent a response is required, denied.

8. Tangible admits that its principal place of business is in California. Paragraph 8 of the Complaint constitutes a legal conclusion or argument and does not require a response. To the extent a further response is required, denied.

9. Tangible admits that its principal place of business is in California. Paragraph 9 of the Complaint constitutes a legal conclusion or argument and does not require a response. To the extent a further response is required, denied.

**Count 1: Infringement of the '391 patent**

10. Paragraph 10 is an incorporation by reference paragraph that does not require a response. To the extent a response is required, denied.

11. Tangible responds that the information contained in the attached Exhibit 1 speaks for itself. To the extent the allegations in Paragraph 11 attempt to interpret that information, Tangible denies any such interpretation. To the extent a further response is required, denied.

12. Paragraph 12 of the Complaint constitutes a legal conclusion or argument and does not require a response. To the extent a further response is required, denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

## PRAYER FOR RELIEF

Tangible denies the WHEREFORE clause and all relief requested therein. Tangible denies that Plaintiff is entitled to any relief.

## JURY DEMAND

Plaintiff's demand for a jury trial does not require a response. To the extent a further response is required, denied.

## AFFIRMATIVE DEFENSES

Tangible asserts the following affirmative defenses on information and belief. In so doing, Tangible does not assume any burden of proof, or production on such defenses where such burden would otherwise fall on Plaintiff. Additionally, Tangible's affirmative defenses are asserted in the alternative, and none of them constitute an admission of liability or that Plaintiff is entitled to any relief.

## FIRST AFFIRMATIVE DEFENSE

**(Failure to State a Claim)**

The Complaint fails to state a claim upon which relief can be granted, including but not limited to for direct infringement and willful infringement.

## SECOND AFFIRMATIVE DEFENSE

**(Standing)**

Plaintiff is not entitled to relief because it has not appropriately pleaded, shown, or proved adequate standing for the relief sought. To the extent Plaintiff does not hold all substantial rights in the '391 patent, Plaintiff lacks standing to assert the claims of alleged infringement. Alternatively, other owner(s) of the '391 patent, if any, are indispensable parties to this action, mandating dismissal if they cannot be joined in this litigation.

**<u>THIRD AFFIRMATIVE DEFENSE</u>**

**(Non-Infringement)**

Tangible has not infringed and does not infringe the ’391 patent, nor does any Tangible product infringe any valid or enforceable claims of the ’391 patent, either directly or indirectly, and either literally or under the doctrine of equivalents.

**<u>FOURTH AFFIRMATIVE DEFENSE</u>**

**(Invalidity/Unenforceability)**

The claims of the ’391 patent are unenforceable and/or invalid for failure to satisfy one or more Conditions of Patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 *et seq*., 102, 103, and/or 112 or other judicially created bases for invalidity or unenforceability.

**<u>FIFTH AFFIRMATIVE DEFENSE</u>**

**(Patent Exhaustion)**

Plaintiff’s claim is barred, in whole or in part, by the doctrine of patent exhaustion.

**<u>SIXTH AFFIRMATIVE DEFENSE</u>**

**(Waiver)**

By reason of its own actions, Plaintiff has waived any right to seek damages pursuant to any purported cause of action against Tangible.

**<u>SEVENTH AFFIRMATIVE DEFENSE</u>**

**(Statute of Limitations/Laches)**

Plaintiff’s claim is barred, in whole or in part, by the equitable doctrine of laches and/or the applicable statute of limitations, including but not limited to 35 U.S.C. § 286.

**<u>EIGHTH AFFIRMATIVE DEFENSE</u>**

**(Patent Misuse)**

Plaintiff’s claim is barred, in whole or in part, by the doctrine of patent misuse.

**<u>NINTH AFFIRMATIVE DEFENSE</u>**

**(Failure to Comply with Patent Marking and Notice Statute)**

The Complaint fails to allege compliance with the marking and notice requirements of 35 U.S.C. § 287.

**TENTH AFFIRMATIVE DEFENSE**
**(No Entitlement to Attorneys' Fees - 35 U.S.C. § 285)**

Plaintiff is not entitled to recover its reasonable attorneys' fees because this is not an exceptional case under 35 U.S.C. § 285.

**ELEVENTH AFFIRMATIVE DEFENSE**
**(No Entitlement to Costs - 35 U.S.C. § 288)**

Plaintiff is not entitled to recover its costs because Plaintiff is barred from doing so by 35 U.S.C. § 288.

**TWELFTH AFFIRMATIVE DEFENSE**
**(Limitation on Damages and Costs)**

Plaintiff is not entitled to past damages or any other remedy under 35 U.S.C. §§ 284 or 285 with respect to any alleged infringement by Tangible of the claims of the '391 patent to the extent that Plaintiff, any predecessor owners, and/or licensees of the '391 patent have not complied, during any time period, with the notice and/or marking requirements of 35 U.S.C. § 287.

**THIRTEENTH AFFIRMATIVE DEFENSE**
**(No Entitlement to Enhanced Damages)**

Plaintiff is not entitled to enhanced damages under 35 U.S.C. § 284 or pursuant to the Court's inherent powers because, among other reasons, any alleged infringement (which infringement is expressly denied) was not willful.

**FOURTEENTH AFFIRMATIVE DEFENSE**
**(No Damages/Relief)**

Plaintiff is not entitled to damages, injunctive relief, or declaratory relief.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Tangible has insufficient information upon which to form a belief as to whether it may have additional unstated affirmative defenses. Tangible reserves the right to assert additional defenses in the event discovery indicates they are appropriate.

## RESERVATION OF RIGHTS

Tangible's investigation of the matters herein alleged is ongoing. Tangible expressly reserves the right, pursuant to Federal Rule of Civil Procedure 15, to supplement or amend its Answer upon further investigation.

WHEREFORE, Tangible requests relief as follows:

1. That Plaintiff take nothing by reason of its Complaint and that judgment be entered in favor of Tangible as appropriate;
2. For costs of suit, including reasonable attorneys' fees; and
3. For such other and further relief as the Court may deem proper.

Respectfully submitted,

Dated: September 5, 2023

By: */s/ Christina N. Goodrich*
Christina N. Goodrich
Jas Dhillon
Zachary T. Timm
K&L Gates LLP

*Attorneys for Defendant Tangible Play, Inc.*

**DEMAND FOR JURY TRIAL**

Defendant Tangible Play, Inc. hereby demands a trial by jury on every issue on which it is so entitled.

Respectfully submitted,

Dated: September 5, 2023

By: */s/ Christina N. Goodrich*
Christina N. Goodrich
Jas Dhillon
Zachary T. Timm
K&L Gates LLP

*Attorneys for Defendant Tangible Play, Inc.*